# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDMOND MACHIE, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-22-2971 |
| MONINQUA PINKETT, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM ORDER

On November 16, 2022, plaintiff Edmond Machie filed this lawsuit along with a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which is granted. For the reasons that follow, the complaint is dismissed without prejudice.

Section 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, "a short and plain statement of the claim" that shows that the plaintiff "is entitled to relief," and a request for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). In his complaint, the plaintiff must name each defendant he is suing. *See* Fed. R. Civ. P. 10(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." The complaint cannot simply make conclusory allegations or recite the elements of each

cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Complaints drafted by self-represented plaintiffs are liberally construed and held to "less stringent standards" than those drafted by attorneys. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the Court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Machie's complaint contains various allegations that he fails to connect into a comprehensible claim. Plaintiff states that on October 12, 2021, defendant James Croglio denied his loan application. ECF 1, at 2. He also asserts that on August 9, 2022, counsel for Out of the Box Technology contacted him about "secur[ing] their interest against E-Mac, Inc." for unpaid invoices. *Id.* Plaintiff claims that on October 27, 2022, E-Mac bank accounts were seized without a court order and threats to seize E-Mac property were made in violation of the United States Constitution. *Id.* Finally, plaintiff contends defendant Wells Fargo Bank approved a "PPP Loan" in 2020 or 2021 and then, in 2022, conspired with the Internal Revenue Service to "seize[] all property including E-Mac and employee's bank account and all deposits." *Id.* at 2–3. Plaintiff seeks monetary damages. *Id.* at 3.

Plaintiff does not state whether he seeks to proceed under federal question or diversity jurisdiction. He does, however, make one reference to a violation of the Constitution, and he states that he and the named defendants reside in Washington, D.C., which would defeat diversity jurisdiction. *See* ECF 1, at 1–2. Therefore, the Court liberally construes the complaint as brought pursuant to the Court's federal questions jurisdiction. 28 U.S.C. § 1331 (2018); *Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 552 (2005).

Federal venue laws govern where a plaintiff may bring a lawsuit in federal court. Generally, a plaintiff may file a civil action in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If venue is not proper, the Court "shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Venue is not proper in this Court.  None of the defendants resides in Maryland and, insofar as the Court can discern the events giving rise to Machie's claims, none occurred in Maryland. Moreover, because plaintiff's allegations are not stated sufficiently for the Court to recognize his causes of action and they likely would be subject to dismissal for failure to state a claim as written, transfer is not appropriate.  Therefore, the complaint shall be dismissed without prejudice for improper venue.

Accordingly, it is this 23rd day of March, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF 2) IS GRANTED;

2. The complaint IS DISMISSED without prejudice;

3. The Clerk SHALL SEND a copy of this memorandum order to plaintiff; and

4. The Clerk SHALL CLOSE this case.

_____
Deborah L. Boardman
United States District Judge